IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| Bradley A. Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:22-cv-12 |
| | ) | |
| | ) | |
| BNSF Railway Company, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Bradley A. Anderson, and for his claim and cause of action against the Defendant, BNSF Railway Company, a Delaware corporation, states and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Plaintiff Bradley A. Anderson ("Plaintiff") against Defendant BNSF Railway ("Defendant") for personal injuries suffered on March 22, 2019 while in the scope and course of his employment as a trainman, and the lawsuit is brought pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§51-60.

**PARTIES**

2. That at all times relevant herein, Plaintiff was a resident and citizen of Sheffield, Illinois, and was employed by Defendant as a trainman.

3. That at all times relevant herein, Defendant was a corporation duly organized and existing under the laws of the State of Delaware and was duly licensed to operate a system of railroads as a common carrier of freight for hire in and through the State of Iowa and is engaged as a common carrier in interstate commerce.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's claim against Defendant, pursuant to 45 U.S.C. §§ 51-60. Accordingly, subject matter jurisdiction is established under 28 U.S.C. § 1331 (federal question).

5. This Court has general personal jurisdiction over Defendant because the incident causing injuries in this matter occurred at or near Defendant's railroad yard in Burlington, Iowa.

6. This Court has personal jurisdiction over Defendant because it purposefully availed itself of the privilege of conducting business activities in the State of Iowa, and the incident that is the subject of this lawsuit occurred in the State of Iowa, creating sufficient contacts to permit this Court to exercise jurisdiction.

7. That at all times material herein, Plaintiff was in the employ of Defendant working as a trainman, and that at the time of the occurrence of the incident described herein, all or part of Plaintiff's duties were in furtherance of Defendant's business of interstate commerce.

8. Venue of this lawsuit in this Court is proper pursuant to 45 U.S.C. § 56, which allows bringing a lawsuit in a court where the cause of action arose or where the defendant is doing business.

9. The action against Defendant is timely commenced under the FELA pursuant to 45 U.S.C. § 56.

## FACTS

10. That on or about March 22, 2019, at approximately 10:00 p.m., Plaintiff was in the course and scope of his employment working as a trainman assigned to job LCHI664122I near Burlington, Iowa. Plaintiff and his train crew were instructed to pull a cut of 13 railcars from a train. Plaintiff's engineer was operating a locomotive at the head end of the cut, and

Plaintiff was required to ride on the last railcar of the cut. The last railcar in the cut was a refrigerated boxcar, which was approximately 90 feet long. The job required the cut of 13 railcars to be pulled past a signal so that a switch could be thrown, allowing the cut to then be shoved back into a different track. Plaintiff was in radio communication with his engineer to inform him when all 13 railcars in the cut had passed the signal. It was dark, the lighting provided was poor, and Plaintiff was unable to safely carry his lantern because he was required by rule to keep three-point contact while also holding onto his radio to communicate with his engineer.

11. As the cut of railcars pulled past the signal, the train began to bend around a curve in the tracks. While the train rounded the curve, Plaintiff, who was still riding on the side of the last railcar, was unexpectedly struck in the head by an obstruction that was placed too close to the track. The obstruction was milepost sign 205, which was improperly and illegally placed within the foul of the required clearance requirements laterally from the centerline of the track. The obstruction was in an unsafe location and placed in violation of railroad rules, laws, regulations, and statutes under state and federal law.

12. Plaintiff, a person riding the side of a train, was not provided any warning to prepare for the close clearance of milepost sign 205.

13. As a direct result, Plaintiff suffered and will continue to suffer serious and permanent injuries including but not limited to injuries to his brain, medical expenses, loss of earnings and loss of future earning capacity, pain and suffering, loss of enjoyment of life, and other damages.

## **BASES FOR RECOVERY**

## **COUNT I – NEGLIGENCE**

Plaintiff re-alleges the above (paragraphs 1-13) as though set forth at length and in detail herein.

14. <u>Negligence Pursuant to the Federal Employers' Liability Act and Other Federal and State Laws Enacted for Employee Safety</u>. The injuries and damages sustained by Plaintiff were caused by the negligence of Defendant in violation and breach of the Federal Employers' Liability Act (FELA), 45 U.S.C. §51, *et seq.*, in its:

   A. Failing and neglecting to provide Plaintiff with a reasonably safe place to work in compliance with state and federal laws, rules, regulations, guidelines, customs and practices, and industry standards governing track safety and close clearances.

   B. Failing and neglecting to comply with Iowa State statutes, codes, and regulations, including Chapter 761-813 (Close Clearance Warning Signs Along Tracks) and Defendant's own guidelines and rules by placing an obstruction within the prescribed clearance dimensions as set forth by statute and/or by creating a close clearance situation that physically impeded Plaintiff, who was lawfully riding the side of a train, from clearing the obstruction.

   C. Failing and neglecting to comply with state statutes, codes, and regulations, including Chapter 761-813 (Close Clearance Warning Signs Along Tracks) and Defendant's own guidelines and rules, by failing to warn and give adequate notice to Plaintiff of the close clearance situation and/or the unsafe placement of an obstruction near the railroad track that physically impeded Plaintiff from clearing the obstruction.

   D. Failing to comply with state and federal regulations, industry customs and standards, as well as Defendant's own standards, customs and practices governing track safety and close clearances, including but not limited to its own guidelines that require side clearances for curves in a track to have an additional clearance per degree of curvature.

   C. Failing and neglecting to adhere to specifications mandated by state and federal laws and regulations, industry customs and standards, as well as Defendant's own rules, codes, and guidelines when designing, planning, engineering, installing, and constructing of its tracks and signals, including but not limited to failing to meet clearances and signage requirements. This includes the supervision and training of its own employees and/or agents when performing the above-described duties.

4

    D.    Failing and neglecting to adequately monitor, test, audit, and inspect its railroad tracks, thereby allowing the unsafe condition of a signpost placed within the prescribed close clearance dimensions and/or an unsafe condition of the placement of an obstruction that physically impeded Plaintiff, who was riding the side of a train, from clearing the obstruction. This includes the supervision and training of its own employees and/or agents when performing the above-described duties.

15.    Defendant was careless and negligent because it knew or should have known of an obstruction near its railroad tracks that created an unsafe close clearance situation that impeded its employees including Plaintiff from safely clearing the obstruction.

16.    Defendant was careless and negligent because it knew or should have known that its failure to properly supervise its employees and inspect, test, audit and monitor the safety of its railroad tracks created an unsafe workplace, including but not limited to a close clearance situation and installation of an obstruction that physically impeded Plaintiff from clearing the obstruction.

17.    Defendant carelessly and negligently continued to order its employees, including Plaintiff, to ride on the side of its railcars despite Defendant's knowledge that an obstruction near its railroad tracks created an unsafe close clearance situation that impeded its employees including Plaintiff from clearing the obstruction, and despite its failure to properly warn and give adequate notice to its employees, including Plaintiff, of the unsafe situation.

18.    Other acts of negligence causing injury.

19.    As a consequence of the above-described negligence, Plaintiff was caused in whole or in part to be injured as herein set forth.

20.    As a consequence of the above-described negligence, Plaintiff suffered and will continue to suffer serious and permanent injuries including but not limited to injuries to his head, brain, and vision, medical expenses (past and future), loss of earnings and loss of future earning

capacity, pain and suffering, loss of enjoyment of life, and other damages as provided by all applicable laws.

## COUNT II – NEGLIGENCE PER SE/STRICT LIABILITY

Plaintiff re-alleges the above (paragraphs 1-20) as though set forth at length and in detail herein.

21.     <u>Strict Liability Pursuant to the Federal Employers' Liability Act</u>.  The acts and omissions of Defendant described above include but are not limited to violations of one or more safety rules, codes, regulations, and statutes, including Defendant's own safety rules, guidelines, and regulations, and therefore constitute strict liability against Defendant.

22.     Defendant also failed to comply with Federal Railroad Administration (FRA) regulations promulgated under the authority of the Federal Railroad Safety Act (FRSA), including but not limited to regulations found in title 49 C.F.R. Part 218, along with the requirements within the FRA regulations that Defendant comply with its own operating rules, the effect of which establishes liability under negligence per se or strict liability for Plaintiff's injuries and damages.

23.     As a consequence of the above-described acts and omissions, Plaintiff was caused in whole or in part to be injured as herein set forth.

24.     As a consequence of the above-described acts and omissions, Plaintiff suffered and will continue to suffer serious and permanent injuries including but not limited to injuries to his head, brain and vision, medical expenses (past and future), loss of earnings and loss of future earning capacity, pain and suffering, loss of enjoyment of life, and other damages as provided by all applicable laws.

## DAMAGES

Plaintiff re-alleges the above (paragraphs 1-24) as though set forth at length and in detail herein.

25. As a result of the workplace incident and defendant's negligence described above, Plaintiff suffered serious and permanent injuries and impairment to his head, brain and vision, which have required and will require extensive medical care, including surgical intervention. As a further result of the workplace incident and defendant's negligence described above, Plaintiff suffered past and future physical and mental pain and anguish, disability, and loss of his enjoyment of life.

26. As a result of the workplace incident and Defendant's negligence described above, Plaintiff has incurred past expenses for medical attention and hospitalization and will incur further like expenses in the future, and Plaintiff has incurred past loss of earnings and loss of future earning capacity and will incur further like losses in the future.

## Jury Demand

Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## Prayer for Relief

Plaintiff, Bradley A. Anderson, prays for judgement against the Defendant BNSF Railway Company, a Delaware corporation, for his damages together with costs and disbursements, and such further relief as the Court deems appropriate and just.

HUNEGS, LeNEAVE & KVAS, P.A.
Cortney S. LeNeave
Thomas Fuller
Isabel Johnson
1000 Twelve Oaks Center Drive, Suite 101
Minneapolis, MN 55391
Tel: (612) 339-4511
Fax: (612) 339-5150
cleneave@hlklaw.com
tfuller@hlklaw.com
ijohnson@hlklaw.com

and

LEDERER WESTON CRAIG, PLC

*/s/ Kent A. Gummert*
Kent A. Gummert, AT0003032
4401 Westown Parkway, Suite 212
West Des Moines, Iowa 50266
Tel:  (515) 224-3911
Fax:  (515) 224-2698
kgummert@lwclawyers.com

**ATTORNEYS FOR PLAINTIFF**